TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

BILL LOCKYER
Attorney General

<table>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>OPINION</td><td>:</td><td>No. 99-201</td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>of</td><td>:</td><td>May 11, 1999</td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>BILL LOCKYER</td><td>:</td><td></td></tr>
<tr><td>Attorney General</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>ANTHONY S. Da VIGO</td><td>:</td><td></td></tr>
<tr><td>Deputy Attorney General</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
</table>

THE HONORABLE THOMAS F. CASEY III, COUNTY COUNSEL, COUNTY OF SAN MATEO, has requested an opinion on the following question:

May a county recorder accept for recordation a document, denominated a "Notice of Disclosure," that gives notice of the proximity of an airport, power lines, and potential traffic and parking problems to specified real property?

CONCLUSION

A county recorder may not accept for recordation a document, denominated a "Notice of Disclosure," that gives notice of the proximity of an airport, power lines, and potential traffic and parking problems to specified real property.

ANALYSIS

The present inquiry concerns the authority of a county recorder to accept for recording a "Notice of Disclosure" as a separate document not part of a grant deed or other legal document. The document would give notice of the proximity of perceived negative conditions, such as an airport, power lines, and projected traffic problems or parking limitations, to specified parcels of property. The purpose would be to make known through a title report on the property the existence of the described conditions to prospective purchasers. We conclude that a county recorder may not record such a document.

Several statutes govern the recording of documents by a county recorder. Government Code section 27322[1] provides:

"The recorder shall record . . . all instruments, papers and notices the recording of which is required or permitted by law."

Section 27201, subdivision (a), provides in part:

"The recorder shall, upon payment of proper fees and taxes, accept for recordation any instrument, paper, or notice which is authorized or required by statute or court order to be recorded, if the instrument, paper, or notice contains sufficient information to be indexed as provided by statute, meets recording requirements of state statutes and local ordinances, and is photographically reproducible. The county recorder shall not refuse to record any instrument, paper, or notice which is authorized or required by statute or court order to be recorded on the basis of its lack of legal sufficiency."

In 65 Ops.Cal.Atty.Gen. 321, 324-325 (1982), we expressed the view that ". . . it is the ministerial duty of the county recorder to record a document which is proper in form and *complies with statutory prerequisites . . . .*" Thereafter, section 27201 was enacted and became effective on January 1, 1983. (Stats. 1982, ch. 285, § 1.) In 67 Ops.Cal.Atty.Gen. 93 (1984), we determined that the second sentence of section 27201, providing that a county recorder shall not refuse to record any instrument which is authorized or required to be recorded on the basis of its lack of legal sufficiency, did not supersede our earlier determination that a document presented for recording must be proper in form and comply with statutory prerequisites. (See also 77 Ops.Cal.Atty.Gen. 242, 246 (1994).)

---

[1] Undesignated section references herein are to the Government Code.

Examining the statutory prerequisites for recordation, we find that section 27280, subdivision (a), provides:

> "Any instrument or judgment affecting the title to or possession of real property may be recorded pursuant to this chapter."

Section 27279, subdivision (a), states:

> " 'Instrument,' as used in this chapter, means a written paper signed by a person or persons transferring the title to, or giving a lien on real property, or giving a right to a debt or duty."

Here, the proposed Notice of Disclosure would not affect or purport to affect the title or possession of, nor would it grant or purport to grant a lien, debt, or duty respecting real property.

In this regard, we note that a public officer has only such powers as have been conferred by law, expressly or by implication. (See 75 Ops.Cal.Atty.Gen. 1 (1992) [Secretary of State not authorized to register domestic partners as unincorporated nonprofit corporations]; 65 Ops.Cal.Atty.Gen. 321, *supra* [county recorder not authorized to record unlicensed declaration of marriage].) In 77 Ops.Cal.Atty.Gen. 242, *supra*, we concluded that a county recorder had no statutory duty to record a "Notice of Intent to Preserve an Interest," which purported to declare applicable to the owner's property the "castle doctrine," i.e., "a man's home is his castle and, hence, he may use all manner of force including deadly force to protect it and its inhabitants from attack." We observed that the document neither affected the title to real property within the meaning of section 27280, nor did it "preserve an interest" in real property as specifically authorized by law. (*Id.*, at p. 244.)

In *Ward* v. *Superior Court* (1997) 55 Cal.App.4th 60, the court considered whether a homeowners association could record a document, entitled "Notice of Non-Compliance with Declaration of Restrictions," which declared that a particular homeowner was in violation of the association's covenants, conditions, and restrictions. The court, noting that the document did not affect title to or possession of real property within the meaning of section 27280 and was not an "instrument" as defined in section 27279, concluded that there was no authority for its recordation. (*Id.*, at pp. 64-65.) The court explained:

> "A county recorder is obligated to accept for recordation only those documents which are 'authorized or required by law to be recorded.' (Gov.

Code, § 27201.)  There is no authority for the proposition that a county recorder either must or may record documents which are *not* 'authorized or required by law to be recorded,' i.e., there is no authority for the proposition that the recorder must or may accept *unauthorized* documents for recordation. Nor is there any authority for the proposition that parties may by private contract create a right to record, for their own private purposes, documents which are not 'authorized or required by law to be recorded.' " (*Id.*, at p. 66.)

The court's observations are consistent with the rule that a public officer has only such powers as are conferred by law.

Inasmuch as no authority for recordation may be found (cf. *Ward* v. *Superior Court*, *supra*, 55 Cal.App.4th at 66; 77 Ops.Cal.Atty.Gen., *supra*, at 244), we conclude that a county recorder may not accept for recordation a document, denominated a "Notice of Disclosure," that gives notice of the proximity of an airport, power lines, and potential traffic and parking problems to specified real property.

* * * * *